**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001331**
**02-MAR-2016**
**07:47 AM**

NO. CAAP-14-0001331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
EDDIE S. HALL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-14-01121)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Eddie S. Hall ("Hall") appeals from the Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit ("District Court"), on November 7, 2014.[1] The District Court convicted Hall of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes ("HRS") § 291E-62(a)(1) and (2).[2]

---

[1]   The Honorable Andrew P. Wilson presided.

[2]   HRS § 291E-62(a)(1) and (2) (Supp. 2013) provides:

> (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

> (1)   In violation of any restrictions placed on the person's license;

> (2)   While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

On appeal, Hall argues that the District Court erred in convicting him after erroneously denying (1) his motion to suppress any evidence obtained as a result of the initial traffic stop, and (2) his motions to continue trial so he could file a motion to suppress the evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Hall's points of error as follows, and reverse.

The State concedes that the District Court erred and agrees with Hall that the conviction should be reversed. However, notwithstanding the State's concession, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted).

Because the District Court denied the suppression motion on the basis of it being untimely, *cf. State v. Mundon*, No. CAAP-13-0002570, 2015 WL 405650 (Hawai'i App. Jan. 29, 2015) (trial court noted that there was no pretrial motion, but did not deny the motion on that basis), we consider the validity of the court's ruling because if that ruling was correct, Hall was properly convicted. Here, the District Court erred in denying the motion to continue because the record indicates, and the State does not dispute, that defense counsel only learned of the basis for the suppression motion just prior to trial. Ordinarily, in that situation, we would remand the case to permit the defendant to file and the trial court to consider a suppression motion. Here, however, the record shows that a remand would serve no useful purpose as the officer has no recollection of the basis for the stop. Consequently, the State

2

cannot provide a justification for the stop, rendering the initial seizure of Hall unlawful and the evidence derived from the stop, which is necessary for the State to prove the charged offense, subject to suppression.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit, on November 7, 2014, is reversed.

DATED:  Honolulu, Hawai'i, March 2, 2016.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Jason R. Kwiat,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3